UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 12, 2013

LETTER TO COUNSEL:

>   *Dan Pavlovic v. Commissioner, Social Security Administration*;
>   Civil No. SAG-12-2148

Dear Counsel:

On July 19, 2012, the Plaintiff, Dan Pavlovic, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 11, 15). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the Commissioner's opinion and remand the case for further proceedings. This letter explains my rationale.

Mr. Pavlovic originally filed his claim on May 14, 2008, alleging disability beginning on November 27, 2001. (Tr. 155-64). Mr. Pavolovic's date last insured was December 31, 2006, so he had to establish disability prior to that date in order to be entitled to benefits. (Tr. 24). His claim was denied initially on January 6, 2009, and on reconsideration on June 29, 2009. (Tr. 73-76, 79-80). A hearing was held on June 11, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 31-70). Following the hearing, on June 23, 2010, the ALJ determined that Mr. Pavlovic was not disabled during the relevant time frame. (Tr. 19-30). The Appeals Council denied Mr. Pavlovic's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Pavlovic suffered from the severe impairments of hearing loss, degenerative disc disease, hypertension, alcohol dependency, knee pain, and post traumatic stress disorder. (Tr. 24). Despite these impairments, the ALJ determined that, through his date last insured, Mr. Pavlovic retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he can never climb ladders, ropes and scaffolds; he can do no more than occasional climbing of ramps and stairs; and he can do no more than occasional balancing, stooping, kneeling, crouching and crawling. He has high frequency hearing loss but there is no impact on his ability to perform activities of daily living. He is limited to unskilled work.

(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that through the date last insured, Mr. Pavlovic could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 29-30).

Mr. Pavlovic presents several arguments on appeal. I find that the ALJ failed to adhere to the standard set forth by the Fourth Circuit in *Bird v. Commissioner of Social Security Administration*, 699 F.3d 337, 343 (4th Cir. 2012).[1] For that reason, remand is required. In so holding, I express no opinion as to whether that ALJ's ultimate conclusion that Mr. Pavlovic is not entitled to benefits is correct or incorrect.

Mr. Pavlovic has a disability rating from the Department of Veterans Affairs ("VA"). (Tr. 46). In *Bird,* the Fourth Circuit held:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

*Bird,* 699 F.3d at 343. The ALJ in Mr. Pavlovic's case did not expressly acknowledge the VA disability rating.[2] While the ALJ's analysis certainly establishes that he does not believe Mr. Pavlovic's impairments establish disability under the SSA's standards, the failure to discuss and assign weight to the VA disability rating requires remand. On remand, in accordance with *Bird,* the ALJ should either give substantial weight to the VA disability rating or explain why the record clearly demonstrates that a deviation is appropriate.

---

[1] While the *Bird* opinion came after the ALJ's 2010 hearing decision, the framework for retroactivity outlined in *Chevron Oil v. Huson* points to the application of *Bird*'s ruling here. *Bird* did not establish an unanticipated new principle of law, but clarified the weight that should be afforded to a VA disability rating. *See Chevron*, 404 U.S. 97, 106 (1971) (outlining a three-part framework for retroactivity determinations with the threshold issue being whether a holding signaled a clear departure from precedent or a decision of first impression).

[2] The Commissioner alleges that the ALJ addressed the disability rating. Def. Mot. 22-23. However, the ALJ's discussion referred primarily to testing for borderline intellectual functioning, which did not ultimately form the basis for the VA disability rating. (Tr. 25). The ALJ's reference to Mr. Pavlovic's receipt of benefits does not acknowledge or explain the finding of disability. Further, upon remand the ALJ should explain his analysis of the medical evidence pertaining to Mr. Pavlovic's hearing impairment and tinnitus, which formed a significant basis for the VA's disability determination.

With respect to Mr. Pavlovic's other arguments, I find that that ALJ supported his adverse credibility determination with substantial evidence, namely the specific inconsistencies between Mr. Pavlovic's testimony and the medical evidence of record (Tr. 27) and his failures to advise evaluators of his heavy alcohol consumption. (Tr. 28). I further find that the ALJ cited to substantial evidence of record supporting the RFC he found during the relevant time frame. (Tr. 27-29). However, on remand, the ALJ should also expressly detail the reasons supporting his rejection of the opinion of Mr. Pavlovic's treating physician, Dr. Lozada.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 11) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge